# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TERRY HAYES PETITIONER

v. NO. 5:15-cv-00016 BRW/PSH

WENDY KELLEY, Director of the Arkansas Department of Correction RESPONDENT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

I. STATE COURT PROCEEDINGS. The record reflects that petitioner Terry Hayes ("Hayes") held a loaded firearm to the head of his then fourteen-year-old son S.H. and threatened to kill him. See Pleading 14, Exhibit G-1 at 284-287. When Hayes learned that police officers had been notified of the incident, he led S.H. through a wooded area in a flight from the officers. See Pleading 14, Exhibit G-1 at 287-290. Arkansas authorities subsequently charged Hayes in CR 2009-286 with aggravated assault on a family member and first-degree terroristic threatening. Because Hayes was a convicted felon, he was charged in the same case with being a felon in possession of a firearm.

Before Hayes' trial in CR 2009-286, he telephoned S.H.'s mother and told her the following: "... are you sure you want to do this because I'm going to kill you over that f'ing boy." See Pleading 14, Exhibit G-1 at 439. Arkansas authorities thereafter charged Hayes in CR 2009-1315 with intimidating a witness.

CR 2009-286 and CR 2009-1315 were consolidated for trial, and an Arkansas state court jury convicted Hayes of all four felonies. While the jury was deliberating his sentence, he absconded. "When the jury completed its deliberations, the [trial] court accepted the jury's recommendation but deferred actual sentencing until Hayes was returned to custody." See Hayes v. State, 2011 Ark.App. 79, 381 S.W.3d 117, 119 (2011). A warrant for his arrest was issued, and he was charged in CR 2009-1607 with failure to appear.

Hayes was eventually captured and taken into custody. He obtained new counsel before his sentencing in CR-2009-286 and CR 2009-1315, and counsel requested a continuance of Hayes' sentencing. The trial court denied the request and sentenced Hayes to the custody of respondent Wendy Kelley ("Kelley").

Following Hayes' sentencing in CR-2009-286 and CR 2009-1315, he was arraigned in CR 2009-1607 for failing to appear. The following then occurred:

> Counsel, noting that Hayes apparently had been diagnosed with bipolar disorder and was on medications, moved for a mental evaluation to determine his fitness to proceed and whether he could understand the nature of charges [sic] against him. The court granted her request, continued the arraignment, and ordered an evaluation at Ozark Guidance on October 21, 2009.
>
> Psychiatrist Robin Ross, who performed the court-ordered mental evaluation, diagnosed bipolar disorder, currently with severe depression, and alcohol dependence with physiological dependence. She concluded that Hayes was at the time of the examination unable to assist effectively in his own defense. The basis of this opinion was stated in three parts. First, Dr. Ross stated that Hayes's conduct during the interview was inappropriate: he was unable to sit still and unable to answer questions, espousing only his lack of will to live, his wanting to die, and the purposelessness of further legal proceedings and the mental evaluation. Second and third, he did not answer questions on the Georgia Court Competency Test or Folstein Mini Mental State Examination, espousing again suicidal ideation or the pointlessness of answering.
>
> Hayes timely filed a motion and an amended motion for new trial from the original judgment and commitment order. The motions were styled Arkansas vs. Terry Edward Hayes, Case No. CR 09–286–1 in the Circuit Court of Washington County. Dr. Ross's evaluation was included as an attachment.

Paragraph 3(a) of the motions stated that a new trial should be granted because Hayes suffered bipolar disorder at the time of trial; he had been treated for the disorder for three years and the diagnosis was confirmed in June 2009; in the court-ordered evaluation of October 21, 2009, Dr. Ross determined that Hayes presently suffered from a mental disease; and that evidence of his mental disease had not been presented at any phase of trial. Subsection (b), noting Dr. Ross's determination less than a month after trial and a week after sentencing that Hayes lacked capacity to assist in his defense on a new charge, asserted that he may have been incompetent during his previous trial, an issue of due process that required examination and a hearing by the circuit court.

Paragraph 4 asserted counsel's due diligence in moving for new trial and referred to Dr. Ross's evaluation. Paragraph 6 reserved and did "not waive" the right to bring forth an ineffective-assistance-of-counsel claim, which Hayes was "not able to substantially develop at this time." Paragraph 8 requested a hearing pursuant to Ark. R.Crim. P. 33.3(a)'s requirement that, after the filing of a motion for new trial or other application for relief:

> The trial court shall designate a date certain, if a hearing is requested or found to be necessary, to take evidence, hear, and determine all of the matters presented. The hearing shall be held within ten (10) days of the filing of any motion or application unless circumstances justify that the hearing or determination be delayed.

Hayes concluded that it was imperative that the court conduct a hearing to receive and review evidence regarding the likelihood that he suffered incapacity or mental disease, or both, during his trial. He argued that without the hearing the court could not determine if he had received due process and a fair trial.

See Id., 381 S.W.3d at 119-121. The trial court denied Hayes' amended motion for new trial without a hearing.

On appeal, the Arkansas Court of Appeals affirmed in part and remanded in part. The appellate court affirmed the denial of Hayes' motion to continue the sentencing hearing in CR-2009-286 and CR 2009-1315 but remanded the case so that a hearing could be held on his amended motion for new trial.

On remand, Hayes waived a hearing on his amended motion for new trial and pleaded guilty in CR 2009-1607 to the charge of failing to appear. During the change of plea/sentencing hearing, Hayes admitted being free of any medication and to not undergoing medical treatment. After the trial judge accepted Hayes' plea of guilty in CR 2009-1607, the trial court had the following exchange with Hayes and his attorney:

> THE COURT: Now I want to address this other case so we're all, as they say, on the same page. This is State of Arkansas v. Terry Edward Nelson, CR 2009-286-1. This is the case of which Mr. Hayes was convicted of Aggravated Assault on a Family or Household Member, Terroristic Threatening, Felon in Possession Of a Firearm, and Intimidating A Witness. At the conclusion of the sentencing in this matter Mr. Hayes' new attorney, Mr. Miller, filed a timely Motion For A New Trial. I denied that motion, in effect as I recall–and I haven't found the letter in here, but I think I wrote you a letter. I denied the motion basically saying that the allegations were really ineffective of assistance of counsel and that had not been raised. And I probably in retrospect should have also indicated that because Mr. Hayes, in my view, did not fully cooperate with Dr. Robin Ross in the forensic evaluation, which gave rise to the allegations in the Motion For A New Trial, I felt that that issue was superfluous and therefore should not warrant a hearing. Subsequent to that, Mr. Hayes through Mr. Miller appealed my denial of the Motion For A New Trial and the Court of Appeals remanded that motion for a hearing which is set this afternoon. Now, it's my understanding, Mr. Hayes, from what Mr. Miller has told me, and you have indicated, that you're no longer making that claim, the mental disease or defect claim in this case that I've just referred to, is that correct?

[HAYES]: That's correct, Judge Storey.

THE COURT: And you're waiving that as a defense–

[HAYES]: Yes, sir.

THE COURT: And your Motion For A New Trial?

[HAYES]: That's correct.

THE COURT: You understand that?

[HAYES]: Yes, sir.

THE COURT: And in effect, you've given up on that particular issue?

[HAYES]: Yes, sir.

THE COURT: Is there any question about that at all?

[HAYES]: Not about that. No, sir.

THE COURT: Okay, well I just–I hope I've stated the facts of this accurately.

[COUNSEL]: Judge, I would agree that you have stated the facts precisely as they need to be stated.

[HAYES]: You have, sir.

See Pleading 14, Exhibit G-3 at 8-10.

Hayes then filed with the assistance of counsel a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). His petition was denied following a hearing, and he appealed. He also filed a trial court motion for reconsideration, but the trial court never addressed the motion.

On appeal, the Arkansas Supreme Court found that the trial court's failure to address Hayes' motion for reconsideration did not warrant a remand. See Nelson v. State, 2014 Ark. 104, 431 S.W.3d 882 (2014). The appellate court also affirmed the trial court's finding that his attorney was not ineffective.

II. FEDERAL COURT PROCEEDINGS. Hayes began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and joining Kelley. In the petition, he challenged his conviction in CR 2009-286 and CR 2009-1315 and offered the following claim: "Petitioner was not mentally competent to stand trial due to being heavily medicated for mental disease." See Pleading 2 at 4.[1]

Kelley filed a response to Hayes' petition and maintained that he was not entitled to relief. She so maintained because his lone claim was procedurally barred from federal court review.

---

1

Hayes alleged the following in support of his claim: "Petitioner was found to be incompetent after psychiatric review. Motion for New Trial was denied. Court of Appeals reversed and remanded for new trial hearing. [Trial] court denied hearing again, entering an order on the Docket sheet on March 9, 2011. However, this order does not appear in the transcript." See Pleading 2 at 4. The Arkansas Supreme Court addressed the issue of the incomplete record when it considered Hayes' initial appeal of his Rule 37 petition. See Hayes v. State, 2013 Ark. 450, — S.W.3d —, 2013 WL 5968936 (2013). The appellate court remanded the case so that the trial court could "settle the record." See Id., 2013 WL 5968936, 1. Once the record was settled on remand and Hayes appealed, the denial of his petition was affirmed.

United States Magistrate Judge Beth Deere, the Magistrate Judge to whom this case was previously assigned, provisionally found that Hayes had procedurally defaulted the claim at bar. Judge Deere gave Hayes an opportunity to show cause why she should not recommend the dismissal of his petition due to his procedural default.[2]

Hayes filed a response to Judge Deere's order to show cause and offered a two-fold response. Hayes first maintained that his attorney's ineffective representation lulled him into inaction and prevented him from pursuing the claim at bar in state court. Hayes additionally maintained that he is actually innocent of the offenses in CR 2009-286 and CR 2009-1315 because the witnesses against him have recanted, or will recant, their trial testimony. As a part of his response, he asked that he be given more time to establish the recantation issue and supplement his petition with a claim of actual innocence.

III. PROCEDURAL BAR. Generally, the federal courts will not consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Wainwright v. Sykes, 433 U.S. 72 (1977). There are, though, exceptions to the rule. A claim can be considered if the petitioner can show cause for his procedural default and actual prejudice or, alternatively, show that the failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. See Wallace v. Lockhart, 12 F.3d 823 (8th Cir. 1994).

---

2 "Competency issues are subject to procedural bar." See Lyons v. Luebbers, 403 F.3d 585 (8th Cir. 2005). Although there is authority to the contrary, see Ryan v. Clarke, 387 F.3d 785 (8th Cir. 2004), the contrary authority is inapplicable in this instance because Hayes raised the competency issue in his amended motion for new trial but waived the issue in order to obtain a lighter sentence in CR 2009-1607.

The record reflects that Hayes raised the claim at bar in his amended motion for new trial, see Pleading 5, Exhibit B2 at 1-5, but the trial court rejected the claim, see Pleading 5, Exhibit B2 at 20. The trial court found that mental disease or defect had not been raised as a defense and implicit in Hayes' allegation was his claim of ineffective assistance of counsel, a claim he had never pleaded but could possibly raise at a later date. Hayes appealed the denial of his amended motion for new trial and obtained a remand when the state Court of Appeals determined that a hearing should have been held on his motion. Upon remand, though, Hayes waived his right to a hearing on the motion. He did so in order to obtain a lighter sentence after he pleaded guilty in CR 2009-1607 to the charge of failure to appear. See Pleading 8 at 4. After the hearing was waived, his prosecution of the claim stopped. It was never presented again in any context to the trial court or a state appellate court. The undersigned therefore finds, as Judge Deere provisionally found, that Hayes procedurally defaulted the claim at bar. The question is whether his default can be excused or otherwise overlooked.

As cause, Hayes offers his attorney's ineffectiveness. Hayes maintains that his attorney advised Hayes that "the new trial hearing was not the right approach." See Pleading 8 at 4. On the advice of his attorney, Hayes waived the hearing on his amended motion for new trial in exchange for a lighter sentence on the failure to appear charge in CR 2009-1607, one consequence of which was that he dropped the prosecution of the claim at bar. Hayes claims he was led to believe that the claim at bar would be raised in a Rule 37 petition, but he learned too late that the claim was never raised in that

proceeding.

Ineffective assistance of counsel can, in certain limited circumstances, serve as cause for a procedural default.[3] The undersigned assumes for purposes of these Findings and Recommendation only that ineffective assistance of counsel can serve as cause for Hayes' procedural default of his challenge to his mental competency at trial.[4] Although ineffective assistance of counsel can serve as cause for Hayes' procedural default, there is no evidence he received ineffective assistance of counsel from any of his attorneys with respect to the claim at bar. The undersigned so finds for three reasons. First, Hayes clearly and unequivocally waived his challenge to his mental competency at trial. He repeatedly informed the trial court that he was waiving the claim as a defense to his prosecution in CR 2009-286 and CR 2009-1315. Save his boldface allegation, there is no

---

3

For instance, ineffective assistance of post-conviction counsel can excuse the procedural default of a "substantial claim of ineffective assistance of counsel at trial." See Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 1320, 182 L.E.2d 272 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.")

4

This assumption is tenuous at best. A number of cases stand for the proposition that ineffective assistance of counsel can only serve as cause for the procedural default of a claim of ineffective assistance of counsel at trial and cannot serve as cause for the procedural default of any other claim. See e.g., Dansby v. Hobbs, 766 F.3d 809 (8th Cir. 2014), cert. denied sub nom., Dansby v. Kelley, 2015 WL 5774557 (October 5, 2015) (ineffective assistance of counsel cannot serve as cause for the procedural default of a claim of ineffective assistance of appellate counsel); Slocum v. Kelley, 2015 WL 1789027 (E.D.Ark. 2015) (Martinez only applies to ineffective assistance of trial counsel claims and is not extended to ineffective assistance of appellate counsel claims). See also Hunton v. Sinclair, 732 F.3d 1124 (9th Cir. 2013) (Martinez does not permit resuscitation of a procedurally defaulted Brady claim); Young v. Colson, 2015 WL 4879117 (M.D.Tenn. 2015) (Martinez only allows for ineffective assistance of post-conviction counsel to establish cause for the default of claims of ineffective assistance of trial counsel; petitioner's claims of, inter alia, conflict of interest, double jeopardy, erroneous jury instructions, and juror misconduct are claims not arising from alleged ineffective assistance of trial counsel and are therefore outside scope of Martinez).

evidence the waiver was prompted by his appellate attorney's advice.

Second, assuming Hayes only waived his claim on the advice of his appellate attorney, there is nothing to suggest that counsel's advice was erroneous and resulted in prejudice. See Strickland v. Washington, 466 U.S. 668 (1984) (petitioner must show counsel's performance fell below objective standard of reasonableness, and petitioner must show prejudice). By Hayes' own admission, he obtained a significant benefit for waiving his challenge to his mental competency at trial: he obtained a lighter sentence in CR 2009-1607. Counsel's advice to waive the claim was reasonable under the circumstances, especially in light of the trial court's initial ruling on the claim and its view of the claim at the change of plea/sentencing hearing in CR 2009-1607.

Third, although Hayes faults his post-conviction attorney for failing to raise the claim at bar in a Rule 37 petition, there is nothing to suggest that counsel's failure to raise the claim was erroneous and resulted in prejudice. It is not clear whether the claim was cognizable in a Rule 37 proceeding as the claim could have been raised at trial and on direct appeal. Assuming the claim was cognizable in a Rule 37 proceeding, the claim is of questionable merit. As the trial court observed, "Hayes, in my view, did not fully cooperate with Dr. Robin Ross in the forensic evaluation ..."

Hayes alternatively maintains that the claim at bar should be considered because a fundamental miscarriage of justice will occur if it is not considered. He maintains that he is actually innocent of the offenses in CR 2009-286 and CR 2009-1315 as the witnesses

against him have recanted, or will recant, their trial testimony.

"Courts look upon recantations with suspicion." See United States v. Miner, 131 F.3d 1271, 1273 (8th Cir. 1997). Courts take such a view because "[t]he stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at the trial." See United States v. Grey Bear, 116 F.3d 349, 350 (8th Cir. 1997).

The undersigned is not persuaded that Hayes has made the requisite showing. Although he maintains that the witnesses against him have recanted, or will recant, their trial testimony, he has offered nothing to substantiate his representation. He offers no sworn affidavits or declarations. Hayes asks for more time to establish the recantation issue and supplement his petition with a claim of actual innocence, but there is nothing to suggest that more time would be of any benefit to him. He has known of several of the alleged recantations since his trial but has offered nothing to substantiate the recantations.[5] Hayes does not allege that S.H. has recanted his testimony; at most, Hayes

5

Hayes represented the following in his response to Judge Deere's order to show cause:

> ... Two other witnesses attempted to verify the alleged victim's story but recanted their statements at trial. This recantation caused the prosecutor to proceed with impeachment, only in reverse order. Normally, a witness is impeached for lieing [sic] to the court. In this case, the witnesses were correcting false statements in prior police reports and presenting the truth of the matter under sworn testimony in open court. These testimonies exonerated petitioner from offenses at bar. One witness cleared petitioner of [intimidating a witness] by admitting that the phone call that was made containing a threat was made by himself and not petitioner, and even presented the phone the call was made on. Instead of holding a recess and making a call to a phone company to verify that the call was made on this phone, the prosecutor proceeded to have the witness impeached.

expresses his hope that S.H. will someday set aside his fears and recant his testimony.

Given the foregoing, the undersigned finds that Hayes cannot show cause for the procedural default of his sole claim for relief and cannot show that the failure to consider the claim will result in a fundamental miscarriage of justice. He cannot overcome his procedural default, and his challenge to his mental competency at trial is procedurally barred from federal court review.

IV. CONCLUSION. It is therefore recommended that Hayes' petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. It is also recommended that a certificate of appealability be denied.

DATED this 15th day of October, 2015.

UNITED STATES MAGISTRATE JUDGE

See Pleading 8 at 2; Pleading 11 at 1.